UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FLOYD RAY JACKSON** | * | **CIVIL ACTION NO. 3:13-cv-504** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES J. BRADY** |
| | * | |
| **HERIBERTO PEREZ, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS, JR.** |

*********************************************

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 25, 2013.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FLOYD RAY JACKSON** | * | **CIVIL ACTION NO. 3:13-cv-504** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES J. BRADY** |
| | * | |
| **HERIBERTO PEREZ, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS, JR.** |

*********************************************

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is a referral from the district judge of an unopposed Motion to Remand filed by the Plaintiff (R. Doc. 12). This matter was removed on August 5, 2013, based on diversity jurisdiction under 28 U.S.C. § 1332 (R. Doc. 1). On August 22, 2013, the Plaintiff filed a "Stipulation and Covenant Not to Execute" providing that the amount in controversy in this action does not exceed $75,000.00, exclusive of interest and costs, and that he will "not execute judgment against any defendant in the total amount as to all defendants in excess of $75,000.00, exclusive of interest and costs" (R. Doc. 11 at 1). In light of the stipulation, the Defendants do not oppose the motion to remand (R. Doc. 12 at 2). Having reviewed the record and the law, the magistrate judge recommends that the matter be remanded for the reasons stated below.

### Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the

1

complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See* 28 U.S.C. §1447(c).  The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. §1446(c)(2).  If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  28 U.S.C. § 1446(c)(2)(A)(ii)-(B).  The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).   The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional minimum.  *Id*.  "It is the recognized burden of the party invoking jurisdiction 'both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation.'"  *Becnel v. State Farm Fire & Cas. Co.*, CIV.A. 07-6742, 2007 WL 4570821, at *1 (E.D. La. Dec. 26, 2007) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938)).

Here, the removing defendant "has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently

particularized to meet its burden." *Becnel*, 2007 WL 4570821, at *1. The court may, therefore, consider the Plaintiff's post-removal stipulation offered to clarify the amount in controversy. *See Gennoa v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The Plaintiff's stipulation provides that "the amount in controversy does not exceed $75,000.00 exclusive of interest and costs" and that the Plaintiff "covenants not to execute judgment against any defendant in the total amount as to all defendants in excess of $75,000.00, exclusive of interest and costs" (R. Doc. 11 at 1). Furthermore, the Plaintiff "agrees that he shall be unable to present or collect upon any claim against each, any or all of the defendants in an amount in excess of $75,000.00 collectively, exclusive of interest and costs" (R. Doc. 11 at 1).

This court routinely remands cases to state court where the parties file a joint or uncontested motion to remand based on a stipulation that the amount in controversy does not exceed the jurisdictional amount. *See*, *e.g.*, *Barkley v. Butt*, No. 11-cv-276-JJB-DLD (M.D. La. July 5, 2011) (remanding case where the parties stated in a joint motion to remand "that there is no evidence at this point in time that the plaintiffs' claim exceeds the amount of $75,000 as required for diversity jurisdiction"); *Eakels v. Allstate Ins. Co.*, No.10-cv-657-RET-DLD, 2011 WL 289824 (M.D. La. Jan. 3, 2011) (recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiff stipulated that her damages were less than $75,000.00), *report and recommendation adopted*, 2011 WL 289669 (M.D. La. Jan. 25, 2011); *Forrest v. Wal-Mart Stores, Inc.*, No. 08-cv-433-DLD (M.D. La. May 27, 2009) (remanding case where parties submitted joint stipulation stating that damages could not exceed $74,999 and the plaintiff waived any claim that his damages exceeded that amount); *see also Bennet v. State Farm Fire & Cas. Co.*, No. 10-636-BAJ-DLD, 2011 WL 2932512 (M.D. La. June 3, 2011) (in spite of defendant's opposition, recommending remand of case where

3

neither the petition nor the notice of removal established the amount in controversy and the plaintiffs submitted a binding stipulation providing that the amount in controversy was less than $75,000.00 and renouncing their rights to enforce a judgment exceeding that amount), *report and recommendation adopted*, 2011 WL 2843051 (M.D. La. July 18, 2011).

## **RECOMMENDATION**

Accordingly, it is the recommendation of the magistrate judge that the Plaintiff's Unopposed Motion to Remand (R. Doc. 12) be **GRANTED**, and that this matter be **REMANDED** to the 18th Judicial District Court, Parish of Iberville, State of Louisiana.

Signed in Baton Rouge, Louisiana, on September 25, 2013.

							_____
							**RICHARD L. BOURGEOIS, JR.**
							**UNITED STATES MAGISTRATE JUDGE**